IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM K. KENNEDY, ID # 33441-198, | ) | |
| | ) | |
| vs. | ) | No. 3:08-CV-2067-M (BH) |
| | ) | |
| DAVID BERKEBILE, Warden, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241 to challenge a Memorandum issued by the Bureau of Prisons ("BOP") on April 14, 2008, to address pre-release Residential Re-entry Center ("RRC") Placements following the Second Chance Act of 2007. (Pet. at 1 (copy of memorandum attached as Ex. A).) He names David Berkebile, Warden of FCI Seagoville, as respondent.

Petitioner seeks to compel the BOP to immediately consider him for placement in a RRC. (Pet. at 1.) While conceding the general requirement that administrative remedies be exhausted in a § 2241 action, petitioner argues that he is entitled to bypass such requirement because administrative review would be a futile act under the circumstances. (*Id.* at 4.) He contends that the BOP has implicitly predetermined petitioner's challenge through the rules set out in the April 14, 2008 memorandum. (*Id.* at 7.)

## II. EXHAUSTION

It is well-established that petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision); *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *5-7 (N.D. Tex. March 28, 2007) (recommendation accepted by District Court which addressed exhaustion in context of § 2241 action seeking release to a halfway house for last six months of federal sentence). Exhaustion under § 2241 requires that the petitioner "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing § 2241 filed by a state pre-trial detainee).

"Application of the [exhaustion] doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." *McKart v. United States*, 395 U.S. 185, 193 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *accord Willard v. Van Buren*, No. 4:04-CV-287-A, 2004 WL 994069, at *1 (N.D. Tex. Apr. 30, 2004) ("The purpose of the exhaustion requirement is to permit the federal agency being challenged to correct its own error without court intervention.").

The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 U.S.C. §§ 542.10-542.19. *Mihailovich*, 2007 WL 942091, at *6-7. BOP Program Statement (PS) 1330.13, *Administrative Remedy Program*, outlines the procedure and provides federal prisons relevant guidance regarding it. *Aguirre-Castillo v. United States*, No. 1:03-CV-

146-C, 2004 WL 594105 at *2 (N.D. Tex. Feb. 26, 2004). Pursuant to this procedure inmates may "seek formal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. The administrative process involves an informal step as well as three formal steps which respectively require the filing of a BP-9, BP-10, or BP-11 form. *Id.* §§ 542.13, 542.14, 542.15, 542.18. The filing of a BP-11 appeal "is the final administrative appeal." *Id.* § 542.15(a). Upon completing this multiple-tiered review process, federal inmates have exhausted their administrative remedies required for filing a § 2241 petition.

"Although prisoners generally must exhaust their administrative remedies prior to filing a § 2241 action, exhaustion of such remedies is not a jurisdictional requirement." *Mihailovich*, 2007 WL 942091, at *6. When "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action", petitioners need not exhaust administrative remedies. *Fuller*, 11 F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, such inmate may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. *See id.*

In this instance, petitioner argues that he should be excused from the exhaustion requirement because pursuing administrative review would be futile. He contends that the BOP has implicitly predetermined his challenge through the rules set out in the April 14, 2008 memorandum. However, "the mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." *See Herman v. Wendt*, No. 3:03-CV-1204-D, 2004 WL 68018, at *2 (N.D.

3

Tex. Jan. 13, 2004) (recommendation of Mag. J. relying on *Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)), *adopted by* 2004 WL 557290 (N.D. Tex. Feb. 11, 2004); *accord Sanchez v. Wendt*, No. 3:03-CV-1372-M, 2003 WL 22327877, at *2 (N.D. Tex. Oct. 8, 2003) (recommendation of Mag. J.), *accepted by* 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003). Petitioner provides no support for his argument and does not carry his burden to show futility of administrative review. He does not show that extraordinary circumstances exist in this case for finding exhaustion futile. Consequently, the Court should not find exhaustion to be futile in this case, and should dismiss this action without prejudice due to petitioner's failure to exhaust administrative remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the instant petition filed pursuant to 28 U.S.C. § 2241 without prejudice for the failure of petitioner to exhaust administrative remedies.

**SIGNED this 19th day of December, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                             _____
                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE